OPINION
{¶ 1} On November 16, 2000, appellant, Tammy Davis, filed a complaint against several defendants, pertinent to this appeal, appellees, Bob Hughes, Larry Blevins and the Fairfield County Health Department. Appellant sought damages in association with septic sewer work performed on her property by appellee Hughes and approved by appellees Blevins/Health Department. On July 12, 2001, appellee Hughes filed a motion for summary judgment. Appellees Blevins/Health Department filed a motion to dismiss on August 31, 2001. By memorandum of decision filed October 5, 2001, the trial court granted summary judgment to appellee Hughes. Said decision was reduced to judgment on October 16, 2001.
 {¶ 2} On October 15, 2001, appellant filed a motion to set aside the judgment pursuant to Civ.R. 60(B). By memorandum of decision filed December 14, 2001, the trial court denied said motion and granted the motion to dismiss filed by appellees Blevins/Health Department. Said decision was reduced to judgment on January 9, 2002.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. As appellant failed to list any assignments of error pursuant to App.R. 16(A)(3), we glean the following assignments from appellant's arguments:
I
 {¶ 4} "THE COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT HER DUE PROCESS THROUGH A TRIAL BY JURY."
II
 {¶ 5} "THE COURT OF COMMON PLEAS ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE BOB HUGHES WHEN GENUINE ISSUES OF MATERIAL FACTS WERE IN DISPUTE."
III
 {¶ 6} "THE COURT OF COMMON PLEAS ERRED IN GRANTING THE MOTION TO DISMISS FILED BY APPELLEES LARRY BLEVINS AND THE FAIRFIELD COUNTY HEALTH DEPARTMENT."
 I {¶ 7} Appellant claims the granting of summary judgment by the trial court violated her right to a trial by jury. We disagree.
 {¶ 8} Civ.R. 56 permits the resolve of cases where there exists no genuine issue of material fact and as a matter of law, the movant is entitled to summary judgment. This method of resolution of cases has been approved and supported by a myriad of Supreme Court of Ohio and United States Supreme Court decisions. See, State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 1996-Ohio-211; Dresher v. Burt,75 Ohio St.3d 280, 1996-Ohio-107; Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317; Celotex Corp. v. Catrett (1986), 477 U.S. 317.
 {¶ 9} Assignment of Error I is denied.
 II {¶ 10} Appellant claims the trial court erred in granting summary judgment to appellee Hughes. We disagree.
 {¶ 11} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman, supra, at 448:
 {¶ 12} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * *" (Citations omitted.)
 {¶ 13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 14} Implicit in Civ.R. 56 is the requirement that affidavit quality evidence be presented by both the movant and the claimant. Attached to appellant's July 20, 2001 pro se reply brief to appellee Hughes's summary judgment motion are exhibits none of which rise to the level of affidavit quality. Appellant stated in her reply that appellee Hughes was hired to repair the septic system. Appellant claimed appellee Hughes completed the work, but "the underlying problem was not corrected." The underlying problem per appellant's Exhibit C was discharge of "wastewater to the surface of the ground."
 {¶ 15} Appellee Hughes provided the trial court with his affidavit stating he replaced the existing septic system and it was inspected and approved by appellee Health Department.
 {¶ 16} See, Hughes Affidavit, attached to Appellee's Motion for Summary Judgment filed July 12, 2001. The problem of wastewater discharge is from the kitchen sink to a clay tile which is not connected to the sewage system and is unrelated to the installation of the septic system. Id. Appellant also provided an affidavit from Steve Deeter, the same person appellant relies on in her Exhibit C. Mr. Deeter is senior sanitation engineer for appellee Health Department. Mr. Deeter opined the "discharge from the kitchen sink to the top of the ground * * * was totally unrelated to the work performed by Bob Hughes." See, Deeter Affidavit, attached to Appellee's Motion for Summary Judgment filed July 12, 2001.
 {¶ 17} Based upon the unrefuted facts contained in the affidavits of appellee Hughes and Mr. Deeter, we find the trial court did not err in granting summary judgment to appellee Hughes.
 {¶ 18} Assignment of Error II is denied.
 III {¶ 19} Appellant claims the trial court erred in granting the motion to dismiss filed on behalf of appellees Blevins/Health Department. We disagree.
 {¶ 20} The trial court granted the motion to dismiss under Civ.R. 12(C) which provides:
 {¶ 21} "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Civ.R. 12(C) motion for judgment on the pleadings is subject to the same standard of review as applied to a Civ.R. 12(B)(6) motion to dismiss.
 {¶ 22} Gawloski v. Miller Brewing Co. (1994), 96 Ohio App.3d 160. Our standard of review is de novo. Greeley v. Miami Valley Maintenance Contrs. Inc. (1990), 49 Ohio St.3d 228. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56.
 {¶ 23} The complaint sub judice alleged appellees Blevins/Health Department "signed off and authorized and approved the work of Defendant Hughes" thereby condoning "Defendant Hughes' breach of contract." The complaint went on to lump all the named defendants together, alleging "Defendants have breached the contract," "have committed a tort * * * causing Plaintiff unnecessary mental anguish and stress," "have all conspired together to cause Plaintiff damages" and "have violated Plaintiff's right to the pursuit of happiness." See, Complaint filed November 16, 2000.
 {¶ 24} Appellant's allegations against appellees Blevins/Health Department are predicated on the allegations against appellee Hughes. We have found the allegations against appellee Hughes to lack merit based upon the unrefuted affidavits presented to the trial court. As such, the allegations against appellees Blevins/Health Department likewise lack merit and the trial court did not err in granting the motion to dismiss.
 {¶ 25} Assignment of Error III is denied.
 {¶ 26} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County is affirmed.
By Farmer, P.J. Wise, J. and Boggins, J. concur.